# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: REBEL ARMS CORP, | : | Case No: 5:19-bk-01175-RNO |
| aka REBEL ARMY aka REBEL ARMS | : | |
| | : | CHAPTER 11 |
| Debtor. | : | |
| | : | |

## ORDER (I) ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM (II) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (III) PROVIDING CERTAIN SUPPLEMENTAL RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtor in possession (the "Debtor"), for entry of an Order, pursuant to section 1111 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003(c)(3) and 9007, and Local Rule 3003-1 (i) establishing the general bar date by which all creditors must file proofs of claim in this case (the "General Bar Date")[2]; (ii) establishing the date by which Governmental Units must file proofs of claim in this case (the "Governmental Unit Bar Date"); (iii) establishing the date by which proofs of claim relating to the Debtor's rejection of executory contracts or unexpired leases must be filed in this case (the "Rejection Bar Date"); (iv) establishing a bar date by which creditors holding claims that have been amended by the Debtor in its Schedules (as defined below) must be filed in this case (the "Amended Schedule Bar Date"; together with the General Bar Date, the Governmental Unit Bar Date, and the Rejection Bar Date, the "Bar Dates"); (v) approving the manner of notice of the Bar Dates; and (vi) providing certain supplemental relief; and it appearing that the relief requested in the Motion is in the best interest of the Debtor and its estate and that the establishment of the Bar Dates and the procedures set forth in the Motion are fair and reasonable and will provide good, sufficient and proper notice to all creditors of their rights and obligations

---

[1] Capitalized terms used, but not otherwise defined herein, shall have the meanings set forth in the Motion.
[2] For purposes of this Motion, the Bar Dates (as defined herein) requested herein shall not extend to requests for payment of fees and expenses of professionals retained or sought to be retained by order of the Court in this case.

in connection with claims they may have against the Debtor or its property in this chapter 11 case; and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of this Motion having been due and sufficient under the circumstances; and upon the record therein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. <u>Bar Dates</u>. The Bar Dates set forth in the Motion are hereby APPROVED.

3. <u>Notices and Forms</u>. The forms of the Bar Date Notice and the manner of providing notice of the Bar Dates proposed in the Motion are hereby APPROVED. The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

4. <u>The General Bar Date</u>. The General Bar Date by which proofs of claim against the Debtors must be filed is **5:00pm (ET) on June 21, 2019**.

5. Any Entity that asserts a claim against the one or more of Debtors that arose prior to the Petition Date (any such claim, a "Prepetition Claim") is required to file an original, written proof of such Prepetition Claim, substantially in the form of Official Form 410, so as to be received on or before the General Bar Date by either mail to the Clerk of the Bankruptcy Court for the Middle District of Pennsylvania or filed electronically.

6. Proofs of claim will be deemed timely filed only if the original Proof of Claim Form actually is received and docketed by the Clerk of Courts or filed electronically on or before the General Bar Date.

7. The following Entities do not need to file proofs of claim:

    a. Any Entity that has already properly filed a proof of claim;

    b. Any Entity (i) whose Prepetition Claim is not listed as "disputed", "contingent", or "unliquidated" in the Schedules and (ii) that agrees with the nature, classification, and amount of such Prepetition Claim set forth in the Schedules;

    c. Any Entity whose Prepetition Claim (including any Prepetition Claim listed in the Debtor's Schedules) previously has been allowed by or paid pursuant to an Order of this Court; and

    d. Any Entity that asserts an administrative expense claim against the Debtor pursuant to Section 503(b) of the Bankruptcy Code, unless such claim is pursuant to Section 503(b)(9) on account of goods delivered to the Debtors during the twenty (20) days prior to the Petition Date;

8. Except as provided below, the following Entities must file a proof of claim on or before the General Bar Date:

    a. Creditors whose Prepetition Claims arise out of the rejection of executory contracts or unexpired leases by the Debtor prior to the entry of the Bar Date Order;

    b. Entities whose Prepetition Claims arise out of the obligations of such Entities under a contract for the provision of liability insurance to a Debtor;

c. Any Entity whose Prepetition Claims against the Debtors is not listed in the Schedules or whose prepetition claim is listed as disputed, contingent, or unliquidated and that desires to participate in this chapter 11 case in any distribution in this case;

d. Any Entity that believes that its Prepetition Claims are improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than identified in the Schedules; and

e. Any Entity that asserts a claim against the Debtor under 11 U.S.C. § 503(b)(9) on account of goods delivered to the Debtor during the twenty (20) days prior to the Petition Date.

9. <u>The Governmental Unit Bar Date</u>. The Governmental Unit Bar Date by which Governmental Units must file proofs of claim against the Debtors is **5:00pm (ET) on September 23, 2019**.

10. Governmental Units wishing to assert claims against the Debtors must file an original, written proof of such claim which substantially conforms to the appropriate Official Form 410, so as to be received on or before the Governmental Unit Bar Date by either mail to the Clerk of the Bankruptcy Court for the Middle District of Pennsylvania or filed electronically.

11. Governmental Unit proofs of claim will be deemed timely filed only if the original Proof of Claim Form actually is received and docketed by the Clerk of Courts or filed electronically on or before the Governmental Unit Bar Date.

12. <u>The Rejection Bar Date</u>. The Rejection Bar Date by which a proof of claim relating to the Debtor's rejection of any executory contract or unexpired lease must be filed is the later

of (a) the General Bar Date or (b) thirty (30) days after the effective date of rejection of such executory contract or unexpired lease as provided by an Order of this Court or pursuant to a notice under procedures approved by this Court.

13. Entities wishing to assert a Rejection Damages Claim must file an original, written proof of claim which substantially conforms to the appropriate Official Form 410, so as to be received on or before the Rejection Bar Date by either mail to the Clerk of the Bankruptcy Court for the Middle District of Pennsylvania or filed electronically.

14. Rejection Damages Claims will be deemed timely filed only if the original Proof of Claim Form actually is received and docketed by the Clerk of Courts or filed electronically on or before the Rejection Bar Date.

15. The Amended Schedule Bar Date. The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules is the later of (a) the General Bar Date or (b) thirty (30) days after the date that notice of the amendment or addition is served on the affected claimant.

16. Entities wishing to assert an Amended Schedule Claim must file an original, written proof of claim which substantially conforms to the appropriate Official Form 410, so as to be received on or before the Amended Schedule Bar Date by either mail to the Clerk of the Bankruptcy Court for the Middle District of Pennsylvania or filed electronically.

17. Amended Schedule Claims will be deemed timely filed only if the original Proof of Claim Form actually is received and docketed by the Clerk of Courts or filed electronically on or before the Amended Schedule Bar Date.

18. Proof of Claim Form. Each proof of claim filed must: (a) be written in the English language, (b) be denominated in lawful currency of the United States, (c) conform

substantially with Official Form 410, and (d) attach copies of writings upon which the claim is based. Failure to adhere to these requirements will be grounds for disallowance of the claim upon objection by the Debtor.

19. <u>Effect of Failure to File by Applicable Bar Date.</u> Any Entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules, or the Order approving this Motion, but that fails to do so in a timely manner, shall be forever barred, estopped, and enjoined from asserting any Prepetition Claim against the Debtor (or filing a proof of claim with respect thereto), and the Debtor and its property shall be forever discharged from all indebtedness or liability with respect to such Prepetition Claim. Additionally any holder of any Prepetition Claim who is required, but fails, to file a proof of such claim in accordance with the Bar Date Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtor's chapter 11 case on account of such Prepetition Claim or to receive further notices regarding such Prepetition Claim.

20. <u>Mailing of Bar Date Notice.</u> Debtor shall provide actual notice of the Bar Dates by mailing the Bar Date Notice and Official Form 410 within ten (10) business days of entry of this Order, but in no event later than April 19, 2019 to all parties on the Debtor's mailing matrix.

21. The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice to certain Entities that are not parties on the Debtor's mailing matrix.

22. <u>Supplemental Mailings of Bar Date Notice.</u> In the event that: (a) Bar Date Notice mailings are returned by the post office; (b) certain parties acting on behalf of parties in interest decline to pass along the Bar Date Notice to such parties; and (c) additional

potential claimants become known to the Debtor (collectively, the "Special Bar Date Parties"), the Debtor may, in their discretion, but shall not be required to make supplemental mailings of the Bar Date Notice up to twenty (20) days in advance of the applicable Bar Dates, with any such supplemental mailings being deemed timely

23. <u>Actual Notice of Amended Schedule Bar Date</u>. If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim or add a claim to the Schedules, the Debtor shall provide notice to the affected claimant of any such amended or added claim, wich shall include information regarding the Amended Schedule Bar Date and how to file a proof of claim or amend an existing proof of claim.

24. <u>Reservation of Rights</u>. The Debtor shall retain and hereby reserve the right to: (a) dispute, or assert offsets or defenses, against any Prepetition Claim; (b) subsequently designate any Prepetition Claim as disputed, contingent, or unliquidated; and (c) object to any Prepetition Claim, whether scheduled or filed, on any grounds.

25. The Debtor is authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including payment of costs incurred in connection with the process of noticing the Bar Dates.

26. This Court shall retain jurisdiction over all matters arising out of or related to the Motion and this Order.

Dated:  April 8, 2019                                By the Court,

_Robert N. Opel, II_

Robert N. Opel, II, Chief Bankruptcy Judge (BI)